## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:16cv302-FDW

| | | |
|---|---|---|
| DAVID KENNETH FOWLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |
|_____ | ) | |

**THIS MATTER** is before the Court upon Petitioner's pro se Amended Petition for Writ

of Certiorari, 28 U.S.C. § 2254 (Doc. No. 9) and Motion for Appropriate Order in the Interest of

Justice (Doc. No. 11).  Also before the Court is Respondent's Motion for Summary Judgment.

(Doc. No. 7.)

## I.    BACKGROUND

Petitioner is a prisoner of the State of North Carolina who pled guilty, pursuant to a plea

deal, in Rutherford County Superior Court on September 5, 2013, to attempting to obtain

property by false pretenses (13 CRS 50379), attaining the status of habitual felon (13 CRS 918),

three counts of obtaining property by false pretenses (13 CRS 50380-82), three counts of uttering

a forged instrument (13 CRS 50380-82), one count of breaking or entering (13 CRS 50292), one

count of felonious larceny (13 CRS 50292), two counts of breaking or entering a motor vehicle

(13 CRS 50255-56), one count of financial card theft (13 CRS 50383), and three counts of

misdemeanor larceny (13 CRS 50255-26, 13 CRS 50384).  (Tr. of Plea 2, Resp't's Ex. 1, Doc.

No. 8-2.)  The terms of Petitioner plea agreement were as follows:

1

Defendant will plead to all felonies (except the PSG) and the habitual enhancement. Defendant will receive an active habitual sentence in File 13 CRS 50379, Att OPBFP. The remaining felonies will not be habitualized, but will be sentenced at the top end of the presumptive range, to run consecutive to each other and file 13 CRS 50379. These sentences will be suspended, and Defendant will be placed on supervised probation for five years, to begin following Defendant's completion of his sentence in file 13 CRS 50379. Defendant will enroll in TROSA within one week of his release in file 13 CRS 50379 and will successfully complete TROSA as a term of probation. Defendant will pay (illegible). The extended period of probation is necessary because Defendant's ability to pay restitution will most likely be limited during the two year period he is enrolled in TROSA. All other terms and conditions are in the discretion of the Court.

(Tr. of Plea 3.) In exchange for Petitioner's guilty pleas, the State dismissed a charge of possession of stolen goods, and two other habitual felon indictments. (Tr. of Plea 3.)

Pursuant to the terms of his plea agreement, Petitioner was sentenced as a habitual felon (13 CRS 918) to 80-108 months imprisonment for attempting to obtain property by false pretenses (13 CRS 50379). (J. and Commit. 4, Pet'r's Ex. 1, Doc. No. 11.)[1] He was given four suspended 10-21 month sentences in cases 13 CRS 50292, 13 CRS 50380, 13 CRS 50381, and 13 CRS 50382 to be served consecutively to each other upon the expiration of the active sentence imposed in 13 CRS 50379. He also was given three suspended 7-18 month sentences in 13 CRS 50255, 13 CRS 50256, and 13 CRS 50383-84 (consolidated) to be served consecutive to the sentences imposed in 13 CRS 50292 and 13 CRS 50380-82. Finally, Petitioner was sentenced to 60 months of supervised probation to begin upon his release from incarceration. (J. and Commit. 1-10, Resp't's Ex. 2, Doc. No. 8-3.) Petitioner did not file a direct appeal.

On July 28, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the

---

[1] With due respect to Respondent, the Court believes the State's recitation of the penalties imposed in Petitioner's cases is incorrect.

Rutherford County Superior Court asserting that the trial court lacked subject matter jurisdiction over the habitual felon indictment in 13 CRS 918 because one of the three prior felony convictions (09 CR 54450, felony B&E) relied upon by the State to support the indictment did not have a valid "bill of information." (2014 MAR 1-2, Resp't's Ex. 3, Doc. No. 8-4.) Petitioner also claimed that trial counsel was ineffective for failing to investigate whether the prior felony convictions were supported by valid indictments or bills of information. Had counsel done so, Petitioner argued, he could have challenged the habitual felon indictment in 13 CRS 918, and "defendant's sentence would have resulted in a different outcome." (2014 MAR 3-4, Doc. No. 8-4.)

On October 7, 2014, the trial court issued an Order finding that the MAR was a collateral attack on the judgment in 09 CR 54450 and that Petitioner should have filed an MAR under that case number. (Order Den. 2014 MAR 1, Resp't's Ex. 4, Doc. No. 8-5.) Nevertheless, the court, on its own motion, held that Petitioner was entitled to relief from judgment in 09 CR 54450 because the bill of information in that case was not valid, and the original court did not have subject matter jurisdiction to enter judgment. Consequently, the court held, the conviction in 09 CR 54450 could no longer support the habitual felon indictment in 13 CRS 918 or the habitual felon status used to enhance Petitioner's punishment in 13 CRS 50379. (Order Den. 2014 MAR 1.) The court vacated the judgments in 09 CR 54450 and 13 CRS 50379 and dismissed the habitual felon indictment in 13 CRS 918. The court ordered that Petitioner be resentenced as a class H felon in case 13 CRS 50379. (Order Den. 2014 MAR 2.)

On November 17, 2014, the court resentenced Petitioner, who was represented by counsel, in 13 CRS 50379 to an active term of 10 to 21 months incarceration and gave him credit

for 628 days already served under that case number.  (J. and Comm., Resp't's Ex. 5, Doc. No. 8-6.)  None of Petitioner's other sentences were affected by the court's ruling in Petitioner's MAR.  Petitioner did not appeal the new judgment in 13 CRS 50379.

According to North Carolina Department of Public Safety records, Petitioner's sentence in 13 CRS 50379 expired on November 17, 2014, and he was released from custody on that date.[2]  On May 4, 2016, the Rutherford County Superior Court revoked Petitioner's supervised probation and activated his remaining sentences in 13 CRS 50292, 13 CRS 50255-56, and 13 CRS 50380-84.  (J. and Comm. 1-14, Resp't's Ex. 6, Doc. No. 8-7.)

Petitioner filed an MAR in Rutherford County Superior Court on May 18, 2016, in which he challenged the judgments entered in 13 CRS 50379, 13 CRS 50292, 13 CRS 50255-56, and 13 CRS 50380-84.  (2016 MAR 1, Resp't's Ex. 7, Doc. No. 8-8.)  In the MAR, Petitioner again alleged ineffective assistance of trial counsel for failing to discover that the judgment in 09 CR 54450 was invalid and could not support the habitual felon indictment in 13 CRS 918.  (2016 MAR 2, Doc. No. 8-8.)  This time, however, he asserted that his trial counsel presented him with two plea offers from the State.  Petitioner asserted that he would have accepted the second plea offer, which he contends was more favorable in the absence of the habitual felon enhancement, had he known that the habitual felon indictment was invalid.  (2016 MAR 3.)

On August 23, 2016, the trial court entered an Order denying Petitioner's second MAR on the merits.  (Order Den. 2016 MAR, Resp't's Ex. 8, Doc. No. 8-9.)  On September 22, 2016, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking

---

[2] N.C. Dep't of Public Safety Offender Public Info.,
http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (last visited 4/25/2017).

review of the trial court's October 7, 2014 order vacating judgment in 09 CR 54450 and 13 CRS 50379 and dismissing the habitual felon indictment in 13 CRS 918. (Resp't's Ex. 9, Doc. No. 8-10.) The petition was dismissed on October 10, 2016, for failure to comply with North Carolina's rules of appellate procedure. (Resp't's Ex. 11, Doc. No. 8-12.) According to Petitioner, he filed another petition for writ of certiorari in the North Carolina Court of Appeals on October 19, 2016, which was dismissed for the same appellate rules violation. (Pet'r's Reply 2, Doc. No. 12.) Finally, Petitioner asserts that his third certiorari petition, filed November 7, 2016, was granted by the North Carolina Court of Appeals on November 30, 2016. (Pet'r's Reply 2.)

Petitioner filed a § 2254 habeas Petition in this Court on September 7, 2016, when he placed it in the prison mail system. (Pet. 16, Doc. No. 1.) Respondent filed an Answer (Doc. No. 6), Motion for Summary Judgment (Doc. No. 7), and Supporting Brief (Doc. No. 8) arguing that Petitioner's claims were without merit and barred by the federal statute of limitations.

Petitioner then filed an Amended Petition for Writ of Habeas Corpus (Doc. No. 9) in which he addresses some of the Government's statute of limitations arguments by raising a claim that he was denied access to the courts because North Carolina Prison Legal Services refused to help him prepare and present a meaningful legal challenge in post-conviction, and he did not have access to a law library. (Am. Pet. 9, Doc. No. 9.) He raises the following other grounds for relief: 1) ineffective assistance of counsel for failing to investigate and discover that one of the felony convictions supporting the habitual felon indictment (13 CRS 918) was invalid (Am. Pet. 5-6); 2) his guilty plea on September 5, 2013, was involuntary and unintelligent due to the ineffectiveness of counsel (Am. Pet. 8); and 3) due to the ineffective assistance of counsel with

respect to the guilty plea, Petitioner waived his right to challenge admission of evidence on 4th Amendment grounds (Am. Pet. 11). Additionally, Petitioner states that he filed a third MAR in the Rutherford County Superior Court on September 26, 2016, which evidently was denied on November 23, 2016. (Am. Pet. 4, 8.)

The Government filed a Response to the Amended Petition. (Doc. No. 10.) Petitioner filed a Reply to the Government's Response (Doc. No. 12) and a "Motion for Appropriate Order in the Interest of Justice," asking the Court to take various actions in this case (Doc. No. 11).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitations period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

### A.  Involuntary Guilty Plea/Ineffective Assistance of Counsel/Lack of Subject Matter Jurisdiction

Grounds One, Two, and Four of the Amended Petition are repetitive recitations of facts revolving around counsel's failure to discover that the habitual felon indictment (13 CRS 918) was invalid.  Boiled down, the central theme of these Grounds for relief is that but for counsel's ineffectiveness, Petitioner would have rejected the plea deal under which he was convicted and sentenced on September 5, 2013, and proceeded to trial on all charges.  Petitioner also asserts in Grounds Two and Four that but for the habitual felon indictment, trial counsel could, and would, have raised a successful 4th Amendment challenge to evidence in his case.

The factual predicate for all of these federal habeas claims is that the habitual felon indictment was invalid.  According to Petitioner, both his attorney and the prosecutor assured him that the habitual felon indictment was valid, and while he suspected that the contrary was true, it would not be reasonable to expect Petitioner to have confirmed that fact before judgement

7

became final in his September 2013 cases. Consequently, the court finds that § 2244(d)(1)(D) is the appropriate statute of limitations provision to apply to these claims.

Petitioner states that he discovered in January 2014 that the bill of information in case 09 CR 54450 was invalid. (Pet'r's Reply 8; Doc. No. 12.) Therefore, the Court finds that January 31, 2014, is the date on which the factual predicate for Petitioner's federal habeas claims could have been discovered through the exercise of due diligence. See § 2244(d)(1)(D).

The statute of limitations ran from January 31, 2014, until Petitioner filed his MAR on July 28, 2014 (178 days). The limitations period was tolled until either October 7, 2014, when the trial court vacated the judgments in 09 CR 54450 and 13 CRS 50379 and dismissed the habitual felon indictment in 13 CRS 918 (Order Den. MAR 2, Doc. No. 8-5), or until November 17, 2014, when Petitioner was resentenced in case 13 CRS 50379.[3] The statute of limitations then ran for 187 days until it fully expired on or about April 12, 2015, at the earliest, or on or about May 23, 2015, at the latest.

None of Petitioner's 2016 filings in the state courts resurrected or restarted the statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Moreover, the limitations period was not tolled for the two years that it took Petitioner to seek certiorari review of the trial court's October 7, 2014 ruling.

---

[3] The Court disagrees with the State that the statute of limitations began to run under § 2244(d)(1)(A) after Petitioner was resentenced in 13 CRS 50379 on November 17, 2014. The claims raised herein challenge the original judgments entered on September 5, 2013, not the judgment entered on November 17, 2014. Regardless, the Petition is untimely under § 2244(d)(1)(A), as well. Judgment became final in 13 CRS 50379 on December 1, 2014, when the time to appeal that judgment expired. See N.C. R. App. P. 4(a)(2) (providing 14 days to file a notice of appeal in the North Carolina Court of Appeals). Under § 2244(d)(1)(A), the statute of limitations then ran for 365 days until it expired on or about December 1, 2015, nine months before Petitioner filed his § 2254 Petition.

The statute of limitations is tolled only while "a properly filed application for State post-conviction or other collateral review is pending." § 2244(d)(2) (emphasis added). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that the filing of the notice of appeal is timely under state law*." Evans v. Chavis, 546 U.S. 189, 141 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)) (emphasis added). North Carolina is unusual, but not unique, see Saffold, 536 at 219, in that the equivalent of a collateral appeal must be filed without "unreasonable delay," see N.C. Rule App. P. 21(c) (2009). The Supreme Court has instructed that, "[]i]n the absence of (1) clear direction or explanation from the [state appellate court] about the meaning of the term ['unreasonable delay'] in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely," the federal habeas court must itself examine the delay and determine what the state courts would have held in respect to timeliness. Chavis, 546 U.S. at 198.

This Court concludes that the North Carolina Court of Appeals would have found Petitioner's November 7, 2016 petition for writ of certiorari untimely.[4] See e.g. Helms v. Landry, 689 S.E.2d 245 (N.C. Ct. App. 2009) (delay in filing of certiorari petition that exceeded three years unreasonable under N.C. R. App. P. 21(c)) (unpublished); Huebner v. Triangle Research Collaborative, 667 S.E.2d 309 (N.C. Ct. App. 2008) (holding that defendant's three-year delay in requesting certiorari review constituted "unreasonable delay" under Rule 21(c)); Matter of T.D.A., 791 S.E.2d 652 (N.C. Ct. App. 2016) (finding that 18 month delay in filing of

---

[4] Petitioner's September 22, 2016 and October 19, 2016 petitions for writ of certiorari were dismissed for failure to attach sufficient supporting documents. (Resp't's Ex. 11, Doc. No. 8-12; Pet'r's Reply 2, Doc. No. 12.) Because they were not properly filed, they could not serve to toll the statute of limitations. See § 2244(d)(2).

certiorari petition was unreasonable under 21(c)) (unpublished); In re L.R., 699 S.E.2d 479 (N.C. Ct. App. 2010) (10-month delay unreasonable under Rule 21(c)) (unpublished). The fact that the North Carolina Court of Appeals granted the certiorari petition is not dispositive evidence to the contrary. See Chavis, 546 U.S. at 194. As the Supreme Court observed in Saffold, a court,

> will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief.

536 U.S. at 225–226. See also, Allen v. Mitchell, 276 F.3d 183, 186–87 (4th Cir. 2001) ("Allen's petition was not dismissed as untimely. It does not follow, however, that there was no 'unreasonable delay' under Rule 21(c); the court of appeals may simply have opted to 'excuse[ ] the untimeliness as a matter of state law and rule[ ] on the merits.'") (quoting Fernandez v. Sternes, 227 F.3d 977, 979-81 (7th Cir. 2000))).

It is not for this Court to determine why the North Carolina Court of Appeals granted Petitioner's November 7, 2016 certiorari petition.[5] Whatever the reason, it did not include a

---

[5] Petitioner's November 2016 certiorari petition is available on the North Carolina appellate courts' electronic filing website. See Cert. Pet., State v. Fowler, P16-731 (N.C. Ct. App. filed November 7, 2016) available at https://www.ncappellatecourts.org. The certiorari petition, which ostensibly seeks review of the trial court's denial of Petitioner's 2014 MAR, argues grounds that were not raised in the 2014 MAR. A liberal construction of the 2014 MAR indicates Petitioner challenged only the validity of the habitual felon indictment (13 CRS 918) and the enhanced sentence entered in 13 CRS 50379, not the voluntariness of his entire plea. (2014 MAR, Doc. No. 8-4 ("Defendant asserts that he was prejudiced as an outcome of the 'deficient performance' of counsel . . . at the acceptance of the guilty plea regarding the Habitual Felon status.").) As noted, Petitioner received an enhanced sentence as an habitual felon only in 13 CRS 50379. The 2014 MAR makes no reference to any case except the habitual felon indictment itself (13 CRS 918) and the three underlying felonies the State relied on to support it (07 CRS 53595, 09 CR 54450, and 10 CRS 51805). (2014 MAR 2.) Even the connection to 13 CRS 50379 is attenuated, as the MAR does not refer to that case directly. (MAR 2014 3 ("Had counsel challenged the Habitual Felon Indictment for file No. (13 CRS 918) and the court[']s jurisdiction, then defendant[']s sentence would have resulted in a different outcome, where the defendant would have been convicted of only the underlying offense at most.").) Nowhere in the 2014 MAR does Petitioner challenge his guilty pleas or sentences in 13 CRS 50292, 13 CRS 50255-56, and 13 CRS 50380-84 or the trial court's jurisdiction to enter judgment in those cases. Nor does he

finding that the certiorari petition was timely.  In its order, the North Carolina Court of Appeals stated,

> The 'Petition for Writ of Certiorari' filed by defendant on 7 November 2016 is allowed for the purpose of reviewing the 'Order' entered by Judge J. Thomas Davis on 7 October 2014.'  The superior court shall hold a hearing to determine whether defendant is entitled to appointment of counsel and to proceed as an indigent.  The appeal shall be deemed taken on the date of the court's determination of whether defendant is entitled to appointed counsel.  The record on appeal shall thereafter be settled and filed in accordance with the Rules of Appellate Procedure.

Order Grant'g Cert. Pet., Docket Sheet, State v. Fowler, P16-731 (N.C. Ct. App. filed November 30, 2016), Doc. Entry No. 3, available at https://www.ncappellatecourts.org.

In short, Grounds One, Two and Four of the Amended § 2254 Petition (Doc. No. 9) are untimely under § 2244(d)(1)(D), as they were filed more than a year after the statute of limitations expired.  Absent equitable tolling, these grounds for relief must be dismissed.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

---

allege anywhere in the MAR that but for counsel's ineffectiveness, he would have rejected the entire plea deal and insisted on going to trial on all charges.

Petitioner claims that he was denied meaningful access to the Courts because North Carolina Prisoner Legal Services ("NCPLS") refused to help him in the preparation and filing of his MAR and because he had no access to a law library. This claim relates to Petitioner's efforts to obtain assistance in filing his July 2014 MAR, which he was able to do without the assistance of NCPLS or access to a law library. Clearly, he was not denied access to the courts.

While the lack of assistance from NCPLS meant Petitioner may have filed his MAR later than he would have liked, such a circumstance is not "extraordinary" for the purpose of equitable tolling. "North Carolina's decision to utilize [NCPLS] in lieu of providing prison libraries at all of its correctional facilities is hardly an extraordinary circumstance unique to petitioner." Bryant v. Hines, No. 5:12–HC2061–F, 2013 WL 427101, at *5 (E.D.N.C. Feb.4, 2013) (unpublished). Additionally, "[u]nder the plan adopted and approved for prison representation, NCPLS attorneys are at liberty to use their professional judgment and are not obligated to undertake representation in virtually every case brought by inmates." Salters v. Butler, 506-CT-3073-H, 2006 WL 4691237, at *1 (E.D.N.C. Oct. 19, 2006). See also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")).

Petitioner had 187 days remaining under the statute of limitations when the trial court ruled on his 2014 MAR, but he failed to diligently pursue his legal rights after October 7, 2014. For example, Petitioner repeatedly contends throughout his post-2014 state and federal filings that in its October 2014 order, the trial court failed to address his claim that counsel's

ineffectiveness with respect to the invalid habitual felon indictment rendered Petitioner's entire September 5, 2013 plea involuntary.[6]  Petitioner waited two years, however, to file a certiorari petition challenging the October 2014 order.

Petitioner also repeatedly asserts that on November 17, 2014, he asked the trial court to impose new sentences in all of his September 2013 cases, but the trial court, over Petitioner's objections, only resentenced him in case 13 CRS 50379.  The Court notes that Petitioner was represented by counsel at that resentencing, and Petitioner did not appeal the trial court's decision to resentence him only in case 13 CRS 50379.

In truth, Petitioner simply abandoned his pursuit of legal remedies upon his release from prison in November 2014.  He has not identified any extraordinary circumstance that prevented him, as a free man, from pursuing those remedies or filing a timely federal habeas petition.  He certainly was aware that the judgments in his other September 2013 cases had not been vacated. The fact that Petitioner violated the terms of his supervised release causing activation of his remaining sentences is not an "extraordinary" circumstance as that term is understood in the context of equitable tolling.  See Rouse, 339 F.3d at 246 (noting that an "extraordinary" circumstance must be "external to the party's own conduct").

In sum, Petitioner is not entitled to equitable tolling of the statute of limitations.  Grounds One, Two, and Four of the Amended § 2254 Petition (Doc. No. 9) shall be dismissed as untimely under § 2244(d)(1)(D).

---

[6] As discussed, supra, at n.5, Petitioner did not raise such a claim in his 2014 MAR.  Whatever he may believe, Petitioner did not actually challenge the voluntariness of his entire plea until he filed his May 18, 2016 MAR.  (2016 MAR 3, Resp't's Ex. 7, Doc. No. 8-8.)

## B. Access to the Courts

In Ground Three of his Amended Petition, Petitioner raises a free-standing claim that he was denied meaningful access to the Courts because NCPLS refused to help him in the preparation and filing of his July 2014 MAR and because he had no access to a law library. This claim is not cognizable in a § 2254, which is limited to claims that a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Put simply, Petitioner is not in custody because he, allegedly, was denied meaningful access to the courts *after* he was convicted and sentenced to prison; he is in custody *because* he was convicted and sentenced to prison.

## IV. CONCLUSION

The Amended § 2254 Petition is untimely under 28 U.S.C. § 2244(d)(1)(D), and Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, Grounds One, Two, and Four of the Amended Petition shall be dismissed as untimely. Ground Three is not cognizable under § 2254 and shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Grounds One, Two and Four of the Amended Petition for Writ of Habeas Corpus (Doc. No 9) are **DISMISSED** as untimely;

2) Ground Three of the Amended Petition for Writ of Habeas Corpus (Doc. No. 9) is not cognizable under § 2254 and is **DISMISSED**;

3) Petitioner's Motion for Appropriate Order in the Interest of Justice (Doc. No. 11) is **DENIED**;

4) Respondent's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**; and

5)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 11, 2017

Frank D. Whitney
Chief United States District Judge